IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| BOBBY DEAN GILBERT, | ) | CASE NO. 5:11 CV 1187 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| KEVIN TIBBLES, | ) | |
| | ) | |
| Respondent. | ) | **REPORT & RECOMMENDATION** |

## Introduction

Before me[1] is the petition of Bobby Dean Gilbert for a writ of habeas corpus under
28 U.S.C. § 2254.[2] In the Summit County Court of Common Pleas on January 11, 2010, the
day trial was to commence, Gilbert, pled guilty to involuntary manslaughter[3] and is serving
ten years with a period of five years of post-release control. He is currently incarcerated at
the Mansfield Correctional Institution in Mansfield, Ohio.

---

[1] This matter was referred to me under Local Rule 72.2 by United States District Judge
Patricia A. Gaughan by non-document order dated August 26, 2011.

[2] ECF # 1.

[3] ECF # 6 at 4.

Gilbert raises four grounds for habeas relief.[4] The State has filed a return of the writ arguing that the petition should be dismissed as untimely.[5] Gilbert has filed a traverse.[6]

For the reasons that follow, I will recommend Gilbert's petition be dismissed as untimely.

## Facts

### A.    Background facts, plea, and sentence

For purposes of adjudicating the petition, the relevant facts are not lengthy. Gilbert was indicted by a Summit County Grand Jury in 2009 on one count of murder and one count of felonious assault, with both charges arising out the killing of Sampson Taylor.[7] Subsequently, a supplemental indictment was issued to include a repeat violent offender specification to both previous counts and to add an additional count three of murder with violent offender specification, as well as a new count four charging Gilbert with carrying a concealed weapon.[8] A second supplemental indictment added an additional repeat violent

---

[4] ECF # 1.

[5] ECF # 6 at 7.

[6] ECF # 8.

[7] ECF # 6, Attachment 1 (state court record) at 1.

[8] *Id.*, at 17-19.

offender specification to counts one, two, and three and added a new count five for carrying a concealed weapon.[9]

In response to various motions to suppress and to dismiss filed by Gilbert, the trial court denied the motions to suppress eyewitness identifications, to dismiss the repeat violent offender specifications, and Gilbert's *pro se* motion to dismiss.[10] In a separate ruling, the court granted the motion to suppress Gilbert's statements to a parole officer but denied the motion as to other statements by Gilbert.[11]

On January 11, 2010 – the day trial was to commence – Gilbert changed his prior plea of not guilty to one of guilty as to one count of involuntary manslaughter.[12] The remaining charges were nolled. Gilbert was then sentenced to a ten-year prison term, with five years of post-release control.[13] No direct appeal was taken from the judgment of conviction.

**B.    Post-sentence motions**

Approximately six months after entering the plea, Gilbert filed a *pro se* motion to withdraw the plea.[14] The State filed a motion in opposition, noting that Gilbert had attached

---

[9] *Id.*, at 31-32.

[10] *Id.*, at 40.

[11] *Id.*, at 41.

[12] *Id.*, at 42.

[13] *Id.*, at 42-43.

[14] *Id.*, at 44.

no evidentiary material to demonstrate  manifest injustice.[15] On July 28, 2010, and without a hearing, the trial court denied the motion.[16] Gilbert did not timely appeal that denial.

But, in December, 2010, Gilbert, *pro se*, did file a motion for leave to file a delayed appeal from the trial court's July ruling.[17] The State, in opposition, observed that Gilbert had provided no reason why he did not file a timely appeal.[18] While Gilbert filed a reply brief, that brief was filed the same day that the appeals court denied his motion to file a delayed appeal, and did so without mentioning the reply brief filed that day.[19] Gilbert responded 23 days after that judgment by filing an untimely motion for reconsideration.[20] The appeals court, taking note now of the reply brief with the reasons for not timely filing, concluded that because the motion for reconsideration was itself not timely filed, it would be denied.[21]

Gilbert thereupon filed a timely notice of appeal from the appeals court decision denying his motion for reconsideration.[22] In his lengthy and discursive statement of his single proposition of law, Gilbert challenges the knowing and voluntary nature of his plea and

---

[15] *Id.*, at 49-50.

[16] *Id.*, at 51

[17] *Id.*, at 52.

[18] *Id.*, at 73.

[19] *Id.*, at 85.

[20] *Id.*, at 86.

[21] *Id.*, at 87.

[22] *Id.*, at 90-91.

asserts that the trial judge abused his discretion in accepting it.[23] The State waived the filing of a response, and on March 16, 2011, the Supreme Court of Ohio then denied leave to appeal, dismissing the matter as not involving any substantial constitutional question.[24]

## C.     Federal habeas petition

Gilbert filed the present habeas petition on June 5, 2011, which is the date he stated in the certificate of service that he put the petition into the mail system.[25] In that petition, he raises four grounds for relief:

**Ground One**: Ineffective Assistance of Counsel.

Supporting FACTS: Trial lawyer refuse (sic.) to come up with positive strategies and defenses with defendant, even after going over police report, cameras, and coroner report.

**Ground Two**: Ineffective Assistance of Counsel.

Supporting FACTS: Trial lawyer constantly kept scaring defendant be (sic.) telling him he would spend the rest of his life in prison just for the repeat violent offender specification if found guilty of one (1), he defendant would be found guilty of all nine (9) which is 90 years. Trial counsel coerced defendant by constantly scaring defendant into plea bargaining.

---

[23] *Id.*, at 101-02.

[24] *Id.*, at 106.

[25] ECF # 1 at 7.

-5-

**Ground Three**: Ineffective Assistance of Counsel.

Supporting FACTS: Due to the lack of readiness of defendant's attorney (Joe Gorman), defendant (sic.) confidence in counsel's ability to give him a positive and professional defense did not exist. Defendant felt and feels that trial lawyer would have sent defendant to prison for even longer.

**Ground Four**: Abuse of discretion.

Supporting FACTS: In not allowing the defendant to withdraw his guilty plea by senteneing (sic.) him the same day as plea, and by not considering longer then the time it take to go thru (sic.) the routine speech in accepting plea within 5 minutes is an abuse of discretion on the Judge, Brenda Unruh.[26]

# Analysis

## A.     Preliminary observations

Before proceeding further, I make the following preliminary observations:

1.     There is no dispute that Gilbert is currently in state custody as the result of his conviction and sentence by an Ohio court, and that he was so incarcerated at the time he filed this petition. Thus, he meets the "in custody" requirement of the federal habeas statute vesting this Court with jurisdiction over the petition.[27]

2.     In addition, Gilbert states,[28] and my own review of the docket of this Court confirms, that this is not a second or successive petition for federal habeas relief as to this conviction and sentence.[29]

---

[26] *Id.* at 4-5.

[27] 28 U.S.C. § 2254(a); *Ward v. Knoblock*, 738 F.2d 134, 138 (6th Cir. 1984).

[28] ECF # 1 at 5.

[29] 28 U.S.C. § 2254(b); *In re Bowen*, 436 F.3d 699, 704 (2006).

3.    Moreover, it appears that these claims have been totally exhausted in Ohio courts.[30]

4.    Finally, Gilbert's prior motions for appointment of counsel and for additional discovery have been denied.[31]

## B.    Standard of review – statute of limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")[32] established a one-year period of limitation for habeas petitions filed by persons in custody under the judgment of a state court.[33] By statute, that limitations period runs from the latest of the following events:

(a)    the date on which the judgment against the petitioner became final, *i.e.*, the date on which the time for seeking direct review expired;

(b)    the date on which any impediment to filing a federal habeas application was removed by the state;

(c)    the date on which a newly enacted constitutional right was created and made retroactive to cases on collateral review; or

(d)    the date on which the factual predicate of the claim or claims presented could have been discovered by due diligence.[34]

---

[30] 28 U.S.C. § 2254(b); *Rhines v. Weber*, 544 U.S. 269, 274 (2005); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999).

[31] ECF # 15.

[32] Pub. L. No. 104-132, 110 Stat. 1214 (1996).

[33] 28 U.S.C. § 2254(d).

[34] *Id.*, at § 2244(d)(1)(A)-(D).

This federal limitations period may be statutorily tolled, however, during this one-year time period. Specifically, the statute provides that the time during which a "properly filed" application for post-conviction relief is pending in state court shall not count against the one-year limitations period.[35] But, as is well-settled, where a state post-conviction petition was not timely filed as a matter of state law, that motion is not "properly filed" for purposes of federal statutory tolling and so does not toll the one-year limitations period.[36] In addition, even a properly filed motion for state post-conviction relief does not serve to restart a one-year limitations period if that period has already expired.[37]

Further, the statute of limitations is not jurisdictional.[38] Moreover, because the limitations statute is not jurisdictional, the limitations period is subject to equitable tolling.[39] The petitioner has the burden of persuading the court of entitlement to equitable tolling.[40]

## C.  Application of standard – the petition should be dismissed as untimely.

As the record states, and Gilbert does not dispute, his conviction became final on January 19, 2010. The one-year AEDPA limitations period began running 30 days later on February 18, 2010. That period ran for 133 days, or until July 1, 2010, when Gilbert properly

---

[35] 28 U.S.C. § 2244(d)(2).

[36] *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005).

[37] *See*, *Waldron v. Jackson*, 348 F. Supp. 2d 877, 883 (N.D. Ohio 2004).

[38] *Day v. McDonough*, 547 U.S. 198, 205 (2006).

[39] *Holland v. Florida*, ___ U.S. ___, 130 S. Ct. 2549, 2554 (2010).

[40] *Hall v. Warden*, 662 F.3d 745, 750 (6th Cir. 2011).

filed his postconviction motion to withdraw his guilty plea. Thus, the habeas limitations period was statutorily tolled during the pendency of that motion. The limitations period began running again on August 28, 2010, when the time to appeal the denial of the motion expired. At that point, 232 days remained in the one-year period set by the AEDPA for filing a federal habeas petition.

Subsequent attempts to pursue: (a) an untimely delayed appeal from the denial of the motion to withdraw the plea, (b) an untimely motion for reconsideration of the denial of the delayed appeal, and (c) an appeal of these two prior decisions to the Ohio Supreme Court, did not serve to toll the AEDPA limitations period because none of these actions were properly filed within the meaning of 28 U.S.C. § 2244(d)(2).[41] Accordingly, the limitations period that began running again on August 28, 2010, expired 232 days later on April 18, 2011.[42]

Here, the present *pro se* petition was placed into the prison mail system on June 5, 2011,[43] and was actually filed with the Clerk on June 9, 2011.[44] As the State observes, even

-----

[41] *Artuz v. Bennett*, 531 U.S. 4, 8 (2000); *Israfil v. Russell*, 276 F.3d 768 (6th Cir. 2001).

[42] As the State correctly notes, the actual 232-day period expired on Sunday, April 17, 2011, but by virtue of the time expiring on a weekend, the expiration date is advanced to the next weekday.

[43] ECF # 1 at 7.

[44] *Id.* at 1.

calculated under the prison mailbox rule Gilbert's petition is 48 days beyond the expiration of the statutory one-year limitations period.[45]

In his traverse, Gilbert does not deny or contest the State's computation of the AEDPA time period. Rather, he argues that he was untimely with his state postconviction petition due to his own unfamiliarity with the time requirements and "the circumstances inside of prison," such as limited time in the law library and lock-downs.[46] He asks that this Court in essence excuse his untimeliness so that it might address his claims.[47]

To the extent that Gilbert seeks to avail himself of equitable tolling of the one-year habeas limitations period by reason of his status as a *pro se* litigant and the restrictions on use of a prison library, the Sixth Circuit teaches that these things standing alone are not sufficient to establish that a petitioner was inhibited by some "extraordinary circumstance" that warrant equitable tolling.[48] Yet, as the Supreme Court instructs in *Holland v. Florida*,[49] equitable tolling arguments are not to be adjudicated too rigidly, but rather with due regard

---

[45] ECF # 6 at 19.

[46] ECF # 8 at 2.

[47] *Id.*

[48] *Jones v. United States*, 689 F.3d 621, 627 (6th Cir. 2012) (citing *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 751 (6th Cir. 2011)).

[49] *Holland*, 130 S. Ct. 2549.

for the "flexibility inherent in equitable procedure" that permits courts to meet "new situations that demand equitable intervention."[50]

But, even viewed through the lense of *Holland*, Gilbert advances no facts,[51] such as transfers from prison to prison or a prolonged medical disability, as were established to the Sixth Circuit in *Jones*, *Ata v. Scutt*,[52] or *Solomon v. United States*,[53] that would support, either alone or in combination, the application of equitable tolling here.[54] This conclusion is further buttressed by the facts that equitable tolling should be only sparingly employed[55] and that proceeding *pro se* without legal knowledge is in no way rare but is frankly "typical of those seeking habeas relief."[56]

---

[50] *Id.* at 2563.

[51] Gilbert bears the burden of establishing the facts that would support equitable tolling. *Holland*, 130 S. Ct at 2566.

[52] *Ata v. Scutt*, 662 F.3d 736 (6th Cir. 2011).

[53] *Solomon v. United States*, 467 F.3d 928, 934-35 (6th Cir. 2006). As the Sixth Circuit stated in *Jones*, although *Solomon* applied the pre-*Holland* test on equitable tolling, courts have continued to rely on its analysis of potential considerations for finding grounds for equitable tolling when applying the new *Holland* standard. *Jones*, 689 F.3d at 628 n.5.

[54] *See*, *Jones*, 689 F.3d at 627-28.

[55] *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010).

[56] *Franklin v. Brunsman*, No. 4:12CV08, 2013 WL 1500578, at *8 (N.D. Ohio March 22, 2013) (quoting *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000)).

-11-

## Conclusion

Accordingly, on the record as developed here and guided by the authority cited above, I recommend that the petition of Bobby Dean Gilbert for a writ of habeas corpus be dismissed as untimely.

Dated: August 5, 2013                              s/ William H. Baughman, Jr.
                                                   United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[57]

---

[57] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).