**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Bobby Dean Gilbert,** | ) | **CASE NO. 5:11 CV 1187** |
| | ) | |
| Petitioner, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Kevin Tibbles, Warden,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondent. | ) | |

**Introduction**

This matter is before the Court upon the Report and Recommendation of Magistrate Judge William H. Baughman, Jr. (Doc. 19) which recommends denial and dismissal of the Petition for Writ of Habeas Corpus. Petitioner filed Objections to the Report and Recommendation (Doc. 22). For the following reasons, the Report and Recommendation is ACCEPTED.

**Standard of Review**

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides, "The judge must determine *de novo* any proposed finding or recommendation to which objection is made. The judge may accept, reject, or modify any proposed finding or

1

recommendation."

## Discussion

Petitioner was sentenced in the Summit County Court of Common Pleas in January 2010, following his guilty plea to involuntary manslaughter. Six months after entering his plea, Gilbert filed a *pro se* motion to withdraw the plea. On July 28, 2010, the trial court denied the motion and Gilbert did not timely appeal that denial. In December 2010, Gilbert filed a motion for leave to file a delayed appeal. The appeals court denied that motion. Twenty-three days later, Gilbert filed an untimely motion for reconsideration. The appeals court denied that motion as well. Gilbert filed a timely notice of appeal, challenging the knowing and voluntary nature of his plea. On March 16, 2011, the Supreme Court of Ohio denied Gilbert's leave to appeal, dismissing the matter as not involving any substantial constitutional question.

The Magistrate Judge found the petition to be time-barred. For the following reasons, the Court agrees.

The Magistrate Judge determined the following. Petitioner's conviction became final on January 19, 2010. The ADEPA one-year limitations period began running 30 days later on February 18, 2010. That period ran for 133 days, or until July 1, 2010, when Gilbert properly filed his post-conviction motion to withdraw his guilty plea. The limitations period began running again on August 28, 2010, when the time to appeal the denial of the motion expired. At that point, 232 days remained in the one-year ADEPA period for filing a federal habeas petition.

The ADEPA limitations period may be tolled during the pendency of a "properly filed" application for post-conviction relief. The Magistrate Judge correctly determined that a post-conviction petition is not "properly filed" if it is not timely. Consequently, the Magistrate Judge

determined that the ADEPA limitations period was not tolled while Petitioner was filing his untimely motions. The ADEPA limitations period expired on April 18, 2011. Petitioner's petition was filed with the Clerk on June 9, 2011. The Magistrate Judge concluded, and this Court agrees, that the petition is untimely.

Petitioner does not dispute the computation of the ADEPA time period. He argues that he was untimely due to his unfamiliarly with the time requirements and circumstances inside the prison. Petitioner essentially asks the Court to apply equitable tolling to the one-year limitations period. The Magistrate Judge concluded that Petitioner's reasons for equitable tolling were unavailing as they are typical of those seeking habeas relief and equitable tolling is to be used sparingly. The Court agrees.

For the reasons stated above, and those stated in the Report and Recommendation which is incorporated herein, the Petition for Writ of Habeas Corpus is denied.

**Conclusion**

Accordingly, the Report and Recommendation is accepted. The Petition for Writ of Habeas Corpus is dismissed. Furthermore, for the reasons stated herein and in the Report and Recommendation, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealablity. 28 U.S.C. 2253(c); Fed.R.App.P. 22(b).

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
Dated: 9/26/13            United States District Judge